IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Natalie Augenstein**<br>3630 Lake Mead Dr.<br>Grove City, Ohio 43123<br><br><br>**Plaintiff,**<br><br>v.<br><br><br>**Franklin County Ohio Sheriff**<br>**Dallas Baldwin**<br>373 South High Street, Floor 2B<br>Columbus, OH 43215<br><br>**Defendant.** | Case No.<br><br>Judge:<br><br>Magistrate Judge:<br><br><br><br><br>**COMPLAINT**<br>**(Jury Demand Endorsed Hereon)** |

**Natalie Augenstein**, Plaintiff, files this Complaint, hereby stating and alleging the following:

1. Jurisdiction is proper in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. 1331 and 1367.

2. Venue is proper in this District under 42 U.S.C. Section 2000e-5(f)(3). All acts complained of herein occurred within the State of Ohio, Federal Southern District of Ohio, Eastern Division.

3. Plaintiff filed an EEOC Charge 532-2022-01054 with the EEOC on January 19, 2022 and attaches hereto her right to sue for the charge as received July 25, 2022.

4. Plaintiff, Natalie Augenstein, resides at 3630 Lake Mead Dr. Grove City, Ohio 43123.

5. Defendant, Franklin County Sheriff Dallas Baldwin, is an employer subject to the laws of the State of Ohio and the United States of America.

6. At all relevant times herein Plaintiff was an employee of the Defendant.

7. Defendant is an employer within the meaning of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*

8. Plaintiff is an employee within the meaning of Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*

9. Defendant is an employer within the meaning of R.C. §4112 *et seq.* The Defendant Sheriff is officially liable for R.C. §4112 employment disability discrimination.

10. Plaintiff is an employee within the meaning of R.C. §4112 *et seq.*

11. Plaintiff was employed by the Franklin County Sheriff as a deputy on November 18, 2019 and terminated April 28, 2021.

12. Because of an injury, Plaintiff's probationary period was extended from ending November 18, 2020 until May 1, 2021.

13. Plaintiff suffered an adverse employment action by being terminated from employment with the Defendant on April 28, 2021.

14. Defendant alleged the reasons for which Plaintiff was terminated April 28, 2021 were alleged unsatisfactory performance and unspecified violations of rules, regulations and directives during the Plaintiff's probationary period as set forth in Exhibit 1.

15. Plaintiff asserts that at no time during her extended probationary period was she counseled or disciplined for any performance or conduct matters. Plaintiff denies the

Defendant's alleged reasons for her termination and asserts the reasons as alleged were pretext for unlawful discrimination.

16. During Plaintiff's employment she had a personal relationship with Mr. Lonnie Maxson, also deputy sheriff, employed by the Defendant. Plaintiff was described by the Defendant's supervisor, Lt. Dean Graham, as "Deputy Maxson's live in girlfriend".

17. Deputy Maxson has a disabling condition which affects his ability to work, walk, and mentally focus. This medical condition causes Deputy Maxson significant and debilitating pain in addition to the disabling conditions.

18. While suffering from his disabling medical condition Deputy Maxson became addicted to medications and alcohol, also disabling conditions.

19. Because of Deputy Maxson obtaining prescriptions for pain medication at such a frequency and/or dosage, he was placed on the Ohio Automated Rx Reporting System (OARRS) without his knowledge or the knowledge of the Plaintiff.

20. On February 18, 2021 Defendant's Supervisor, Lt. Brandon Walls, non-disabled, contacted Respondent Supervisor Lt. Dean Graham, non-disabled, to report that Supervisor Sgt. Jacob Heaberlein, non-disabled, had received a call from a nurse reporting Deputy Maxson was denied a prescription while at an Emergency Room. The report was generated because of the Ohio Automated Rx Reporting System (OARRS) because of recent prescriptions written for Deputy Maxson.

21. Due to the report from the nurse, Deputy Maxson was placed on administrative leave and given a "reasonable suspicion" drug test by the Respondent on February 19, 2021.

        Although given two drug tests for opiates, Deputy Maxson tested negative for all opiates over a period of two months.

22. Ultimately, on April 20, 2021 Deputy Maxson was incarcerated after being charged with ORC 2925.22, Deception to Obtain Dangerous Drugs. From observing Deputy Maxson's conduct and listening to his phone calls between Deputy Maxson and his mother while he was in jail, the Defendant knew or perceived that Deputy Maxson was suffering from a disability.

23. On April 20, 2021, while Deputy Maxson was incarcerated, Defendant's detectives contacted the Plaintiff. The detectives told Plaintiff she had to show them where Deputy Maxson kept his personal weapons (IA already confiscated his duty weapon, so these were his personal, off-duty guns) and insisted that Plaintiff show them all the places Deputy Maxson could possibly have contraband. Defendant's detectives had no warrant for such a demand. Plaintiff cooperated fully.

24. Plaintiff needed to communicate with Deputy Maxson while he was incarcerated due to their common living arrangements and expenses. To do so required Plaintiff get permission from the Defendant. On April 21 or 22, 2021 Plaintiff wrote a request to Defendant's Human Resources through her chain of command informing them of the reasons Plaintiff needed to contact Deputy Maxson. Plaintiff received no response.

25. On April 23, 2021, Deputy Maxson plead guilty to an amended charge of R.C. 2923.02 Attempt to Commit an Offense, a First Degree Misdemeanor. Deputy Maxson did this in agreement with being a participant in the H.A.R.T. (Helping Achieve Recovery Together) for treatment for two years.

26. The sole reason Plaintiff was terminated was because of her association with Deputy Maxson, who admittedly suffered from a disabling medical condition and a disabling addiction known to the Defendant.

27. Plaintiff was qualified for the position; subjected to an adverse employment action; known to be associated with a disabled individual; the adverse employment action occurred under circumstances that raise a reasonable inference that the disability of Deputy Maxson was a determining factor in the decision and but for that association Plaintiff would not have been terminated.

28. Defendant feared that because of Plaintiff's 1) Close and intimate relationship with Deputy Maxson; 2) Sharing the same living quarters and expenses; 3) Her prior painful and lingering injury and 4) The number of prescriptions for pain medication obtained by Deputy Maxson while in their relationship; that Plaintiff's association with Deputy Maxson was detrimental to her duties as a Deputy. But for the conduct and disability of Deputy Maxson, Defendant would have no reason to have taken any action against the Plaintiff.

29. The Defendant has violated Plaintiff's right of association with a disabled person under the ADA.

**Count ONE: Violation 42 U.S.C. § 12112(b)(4), discrimination against a "qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association."**

30. Plaintiff hereby incorporates by reference Paragraphs 1 through 29 above as though fully set forth herein.

31. Plaintiff was qualified as a Deputy.

32. Plaintiff is an individual protected under 42 U.S.C. § 12112(b)(4).

33. Plaintiff suffered an adverse employment action when she was terminated.

34. But for Plaintiff's association with Deputy Maxson, a disabled and/or perceived as disabled person, Plaintiff would not have suffered the adverse employment action of termination.

35. Plaintiff states a claim for violation of 42 U.S.C. § 12112(b)(4), discrimination against a "qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association."

**Count TWO: Violation O.R.C. §4112.02(A),** *et seq.***, associational discrimination against a "qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association."**

36. Plaintiff hereby incorporates by reference Paragraphs 1 through 35 above as though fully set forth herein.

37. Plaintiff hereby incorporates by reference Paragraphs 1 through 28 above as though fully set forth herein.

38. Plaintiff was qualified as a Deputy.

39. Plaintiff is an individual protected under 42 U.S.C. § 12112(b)(4).

40. Plaintiff suffered an adverse employment action when she was terminated.

41. But for Plaintiff's association with Deputy Maxson, a disabled and/or perceived as disabled person, Plaintiff would not have suffered the adverse employment action of termination.

6

42. Plaintiff states a claim for violation of O.R.C. §4112.02(A), associational discrimination against a "qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association."

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests this Court to grant the following relief:

43. A judgment in favor of the Plaintiff for equitable relief of reinstatement to her position of employment;

44. A judgment in favor of the Plaintiff for back pay in the amount of wages and benefits to the date of reinstatement;

45. A judgment in favor of the Plaintiff for compensatory and punitive damages where applicable;

46. A judgment for an award to Plaintiff of her attorneys' fees and costs in bringing this action; and;

47. Award such other relief as the Court shall deem just, proper, fair and equitable.

Respectfully Submitted,

*s/Daniel H. Klos*
Daniel H. Klos (0031294)
1911 Country Place
Lancaster, Ohio 43130
Telephone: 614-261-9581
Facsimile: 614-262-5732
Email: Klosdhesq@aol.com
Counsel for Plaintiff

## JURY DEMAND

Plaintiff hereby demands trial by jury in all matters triable to a jury.

Respectfully Submitted,

*s/Daniel H. Klos*
Daniel H. Klos (0031294)
1911 Country Place
Lancaster, Ohio 43130
Telephone: 614-261-9581
Facsimile: 614-262-5732
Email: Klosdhesq@aol.com
Counsel for Plaintiff
